Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARTINEZ, individually, and on all others similarly situated,<br><br>Plaintiff,<br><br>     vs.<br><br>PRINCE-PARKER & ASSOCIATES, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1)  Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 et seq.]**<br>**(2)  Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(Amount to exceed $25,000)** |

Plaintiff, Steven Martinez ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1.     This is a class action brought on behalf of all individuals in California who received collection calls from Defendant wherein Defendant failed to meaningfully disclose its identify and purpose of its call to Plaintiff, in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").   Ancillary to the aforementioned allegations, Plaintiff also alleges violations of the Rosenthal Fair Debt Collection Practices Act,

Cal. Civ. Code § 1788 et seq.

## JURISDICTION & VENUE

2.    This Court has subject matter jurisdiction over Plaintiff's Federal Fair Debt Collection Practices Act under 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's Rosenthal Fair Debt Collection Practices Act because under 28 U.S.C. §1367 because all claims arise under the same transaction and set of operative facts.

3.    This Court has personal jurisdiction over Defendant.  Defendant is located in California, conducts business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper here, because Plaintiff resides and Defendant does business in San Bernardino County.

## PARTIES

5.    Plaintiff, Steven Martinez ("Plaintiff"), is a natural person residing in San Bernardino County in the State of California who allegedly owed or owes a debt and is thereby and  is a "debtor" as defined by *Cal. Civ. §1788.2(h).*

6.    At all relevant times herein, Defendant, PRINCE-PARKER & ASSOCIATES, INC. ("Defendant" or "PRINCE-PARKER & ASSOCIATES, INC."), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff and others which qualifies as a "consumer debt," as defined by *Cal. Civ. §1788.2(c).*  Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" as defined by the RFDCPA, *Cal. Civ. §1788.2(c).*

7.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of

Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.    Beginning in or around August of 2017, Defendant began contacting Plaintiff in an attempt to collect an alleged outstanding debt.

10.    During this process, Defendant, in its ordinary course of business, began placing collection calls to Plaintiff in an attempt to collect the alleged debt owed.  Defendant placed its collection calls to Plaintiff's telephone ending in -5195.

11.    When Plaintiff was unable to answer the call, Defendant left a voice message which stated:

> This is an urgent message intended for Steven Martinez. My name is Laura Dyer. I am contacting you in reference to a Complaint that has just been forwarded to my office. If you have any questions or concerns regarding the pending actions that may be filed against you, it is imperative that you contact the issuing firm immediately at 855.448.2330. When you do call in you will need to reference your case number 7072CA. Now this does require your immediate attention, and it is very imperative that they do speak to you or else they will be forced to make a decision without your consent. Once again the toll free number is 855.448.2330, case number 7072CA.

12.    Defendant's voice message did not inform Plaintiff of Defendant's true business name, PRINCE-PARKER & ASSOCIATES, INC. and that Defendant was attempted to collect a debt from Plaintiff.

13.    Defendant's voice message falsely and deceptively informed Plaintiff that a

lawsuit was filed against Plaintiff.

## CLASS ALLEGATIONS

14.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure and/or other applicable law on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter the "Class") defined as follows:

> All persons in the United States who received a collection call from Defendant within one (1) calendar year from the filing of the instant complaint wherein Defendant did not disclose its true business name and the nature of the contact to the person called but instead falsely and deceptively represented itself

15.     Specifically excluded from the proposed California Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant.

16.     This action is brought and may be properly maintained as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

17.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

18.     Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

        a.     Whether Defendant has a policy of communicating with individuals in connection with the collection of an alleged debt wherein Defendant fails to disclose that it is

attempting to collect an alleged debt; and

           b.    The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

19.    Plaintiff is asserting claims that are typical of the Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct.

20.    Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

21.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class  members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22.    The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

23.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party California Class members to protect their interests.

24.    Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the

California Class as a whole.

## COUNT I: VIOLATION OF FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the California Class Against All Defendants)

25.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

26.     Based upon the foregoing, Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Placing telephone calls without providing meaningful disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents (Cal. Civ. § 1788.11(b));

   b) Except as for provided by *15 U.S.C. § 1692b*, placing telephone calls without providing meaningful disclosure of the caller's identity (*15 U.S.C. §1692d(6)*);

   c) Engaging in the use of any false or deceptive representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (*15 U.S.C. §1692e(10)*); and,

   d) Failing to disclose in the initial written communication with the consumer and, in addition, the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector (*15 U.S.C. §1692e(11)*).

27.     Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully

28.     As a direct and proximate result of Defendant's violations, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs.

29.     The violations of the FDCPA described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and

believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2. For statutory damages of $1,000.00 for Plaintiff and each member of The Class;

3. For actual damages according to proof;

4. For reasonable attorneys' fees and costs of suit;

5. For prejudgment interest at the legal rate; and

For such further relief as this Court deems necessary, just, and proper.

**COUNT II: VIOLATION OF ROSENTHAL
FAIR DEBT COLLECTION PRACTICES ACT**

(By Plaintiff and the Class Against All Defendants)

30. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

31. *Cal. Civ. §1788.17* mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. 1692, et seq*.

32. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

33. As a direct and proximate result of Defendant's violations of *Cal. Civ. § 1788 et seq*., Plaintiff and the members of the California Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30*.

34. The violations of *Cal. Civ. § 1788 et seq*. described herein present a continuing threat to members of the California Class and members of the general public in that Plaintiff is

informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1.  That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2.  For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. § 1788.30*;

3.  For actual damages according to proof;

4.  For reasonable attorneys' fees and costs of suit;

5.  For prejudgment interest at the legal rate; and

6.  For such further relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  October 16, 2012            **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

/s/ Todd M. Friedman
Todd M. Friedman
Attorneys for Plaintiff